IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DEMARIO DONTEZ WALKER                                             PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:07cv52-KS-MTP

HENRY ALLEN MCCULLUM                                              DEFENDANT

## ORDER ON MOTIONS

THIS MATTER is before the court on several motions filed by plaintiff. Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1. Plaintiff's motion for a writ of execution [75] is denied. In this motion, plaintiff claims that defendants have failed to comply with the parties' settlement agreement, and asks the court for a writ of execution to enforce the agreement.[1] However, no judgment has been entered upon which plaintiff may execute. Moreover, this court lacks jurisdiction to enforce the settlement agreement. The United States Supreme Court has held that a federal court has jurisdiction to enforce a settlement agreement only where the obligation to comply with the agreement has been made part of the order of dismissal. *Kokkomen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). There are two ways a settlement agreement can be made part of an order of dismissal: either by a provision specifically retaining jurisdiction over the settlement agreement, or by incorporating the agreement's terms into the order. *Id.* at 381. A "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.*; *see also Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 431-32 (5th Cir. 2002)

---

[1] On May 2, 2007, plaintiff, then an inmate in the Jefferson Davis County Jail, filed suit against defendants, asserting violations of his civil rights. Following an omnibus hearing, the parties negotiated a settlement of plaintiff's claims and jointly moved for dismissal of this action. Accordingly, by order dated October 29, 2007 [73], this court granted the motion and dismissed plaintiff's claims against defendants with prejudice.

(holding that district court must "expressly incorporat[e] the [settlement] agreement's terms" within the order of dismissal in order to enforce the agreement; "mere reference" to a settlement agreement within the order of dismissal is not enough to establish jurisdiction).  Here, the Order of Dismissal [73] merely states that it had been "made known to the Court that the parties have reached a settlement in this matter."  The court neither expressly retained jurisdiction to enforce the settlement agreement nor incorporated its terms within the Order of Dismissal.  Likewise, the provisions of the settlement agreement were not revealed to the court.  This clearly is not sufficient to vest this court with jurisdiction to enforce the settlement agreement.  Accordingly, plaintiff's motion is denied.

      2.    Plaintiff's motion to reopen case [77] is denied.  In this motion, plaintiff requests that the settlement agreement be declared null and void and that this case be reopened.  Although no authority has been cited by plaintiff in support of his motion, the court shall liberally construe it as a Rule 60(b) motion for a relief from judgment.  Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order ... for...any...reason justifying relief from the operation of the judgment."  Relief under this section can be granted only in an "extraordinary situation" or "if extraordinary circumstances are present."  *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).  Plaintiff has failed to make such a showing.  He has merely put forth conclusory allegations that defendants have failed to comply with a settlement agreement.  Moreover, the appropriate remedy for defendants' alleged breach of the settlement agreement is a breach of contract action in state court, not the instant motion.  *See Gonzalez v. Renaudin*, 1999 WL 527732, at * 2 (E.D. La. July 21, 1999) (denying Rule 60(b)(6) relief based upon alleged breach of settlement agreement and holding it was a matter for state court) (*citing Kokkonen*, 511

U.S. at 382; *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994)). Accordingly, plaintiff's motion is denied.[2]

    3.    Plaintiff's second motion to reopen case [82] is denied. This motion is an amended version of [77], and for the reasons set forth above with respect to [77], this motion is denied.

    4.    Plaintiff's motion to set aside judgment [84] is denied. In this motion, plaintiff claims that defendants failed to comply with the settlement agreement or with the court's order dismissing the case and, therefore, the court should vacate and/or modify its judgment dismissing the suit. This is essentially a reiteration of [77] and for the reasons set forth *supra*, this motion is denied.

    5.    Plaintiff's motion for contempt [85] is denied. This motion is again based upon defendants' alleged failure to comply with the settlement agreement. As discussed above, this court does not have jurisdiction to enforce the settlement agreement. Nor does the undersigned have the power to decide a contempt motion, as that is the province of the district judge. *See Castaneda v. Falcon*, 166 F.3d 799, 801 n.4 (5th Cir. 1999) (citing cases). Accordingly, this motion is denied.

    6.    Plaintiff's motions for omnibus hearing [86] [89] are denied. As plaintiff's motions have been denied and this case remains closed, there is no need for an omnibus hearing.

    SO ORDERED and ADJUDGED this the 5th day of August, 2008.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge

---

[2] Moreover, the Fifth Circuit has never stated its position on whether Rule 60(b)(6) allows a court to vacate a judgment based on an alleged breach of a settlement agreement. *See Trade Arbed, Inc. v. African Express MV*, 941 F.Supp. 68 (E.D. La. 1996).