IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DEMARIO DONTEZ WALKER                                                              PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.  2:07cv52-KS-MTP

HENRY ALLEN MCCULLUM                                                              DEFENDANT

**ORDER DENYING MOTION TO RECONSIDER**

THIS MATTER is before the court on a motion to reconsider [94] this court's Order [90] denying plaintiff's motion to vacate or modify judgment [84].  In the instant motion, plaintiff asks the court to reconsider its Order in light of a Supplemental Response [92] filed by plaintiff after the Order was entered.  However, the Supplemental Response does not provide a basis for this court to reconsider its Order.

In his motion to vacate or modify judgment, plaintiff claimed that defendants had failed to comply with the parties' settlement agreement[1] or with the court's order dismissing the case and, therefore, the case should be reopened.  Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order" for a number of reasons.[2]   Plaintiff argues that his requested relief should

---

[1] On May 2, 2007, plaintiff, then an inmate in the Jefferson Davis County Jail, filed suit against defendants, asserting violations of his civil rights.  Following an omnibus hearing, the parties apparently negotiated a settlement of plaintiff's claims and jointly moved for dismissal of this action.  Accordingly, by order dated October 29, 2007 [73], this court granted the motion and dismissed plaintiff's claims against defendants with prejudice.

[2] These are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

be granted under Rule 60(b)(3) because there was fraud in the inducement of the settlement agreement. Rule 60(b)(3) provides a basis for relief from a judgment where the moving party presents "clear and convincing evidence" of the adverse party's fraud, misrepresentation, or other misconduct. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Plaintiff has failed to meet this burden. Indeed, plaintiff has failed to provide any evidence whatsoever regarding the alleged fraud committed by defendants, merely making the conclusory allegations that the settlement agreement was based on fraud and misrepresentation by the defendants because they never intended to comply with the settlement agreement, and that defendants committed other unidentified misconduct. This is clearly not enough to justify vacating this court's judgment and reopening this case.

Plaintiff also argues that defendants' alleged breach of the settlement agreement justifies relief under Rule 60(b)(6)'s "any other reason" category. Relief under this section can be granted only in an "extraordinary situation" or "if extraordinary circumstances are present." *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005). In its Order denying plaintiff's motion to vacate or modify judgment , the court found that plaintiff had failed to make such a showing, as he merely put forth conclusory allegations that defendants had failed to comply with a settlement agreement. Nothing in plaintiff's Supplemental Response changes this conclusion.

Moreover, as noted in the court's Order denying the motion to vacate or modify judgment, the appropriate remedy for defendants' alleged breach of the settlement agreement is a breach of contract action in state court, not a Rule 60(b)(6) motion. *See Gonzalez v. Renaudin*, 1999 WL 527732, at * 2 (E.D. La. July 21, 1999) (denying Rule 60(b)(6) relief based upon alleged breach of settlement agreement and holding it was a matter for state court) (*citing Kokkomen v. Guardian*

2

*Life Ins. Co.*, 511 U.S. 375, 382 (1994);[3] *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994)).[4]

     IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion to reconsider [94] should be denied.[5]

     SO ORDERED and ADJUDGED this the 9th day of September, 2008.

                              s/ Michael T. Parker
                              United States Magistrate Judge

---

[3] In *Kokkomen*, the court held that a federal court has jurisdiction to enforce a settlement agreement only where the obligation to comply with the agreement has been made part of the order of dismissal - either by a provision specifically retaining jurisdiction, or by incorporating the agreement's terms into the order. 511 U.S. at 375, 381. Neither situation is present here.

[4] Moreover, the Fifth Circuit has never stated its position on whether Rule 60(b)(6) allows a court to vacate a judgment based on an alleged breach of a settlement agreement. *See Trade Arbed, Inc. v. African Express MV*, 941 F.Supp. 68 (E.D. La. 1996).

[5] Plaintiff also argues in his Supplemental Response that defendants' response [87] to his motion to vacate or modify judgment was untimely filed and, therefore, his motion should have been granted as unopposed. A review of the docket shows that plaintiff's motion was filed on July 7, 2008. Accordingly, pursuant to Local Rule 7.2(D) and Fed. R. Civ. P. 6, defendants had until July 24, 2008 to file their response. Thus, the response was timely filed on July 23, 2008. Moreover, even if it had not been timely filed, the court was not required to grant plaintiff's motion as unopposed. Rather, Local Rule 7.2(C)(2) provides that a court *may* grant a motion as unopposed where a response is not timely filed. As plaintiff's motion clearly had no merit, the court would not have granted it as unopposed.